IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Terra L. Page,                                  :

                Plaintiff            :        Civil Action 2:12-00205

   v.                                           :        Judge Marbley

Michael J. Astrue, Commissioner
of Social Security,                             :        Magistrate Judge Abel

                Defendant
                                                 :

**ORDER**

     This matter is before the Court on plaintiff Terra L. Page's December 28, 2012 objections to Magistrate Judge Abel's December 14, 2012 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Terra L. Page is not disabled within the meaning of the Act.  The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

     Page argues that the administrative law judge failed to give good reasons for rejecting the opinion of Dr. Turkewitz's opinion, plaintiff's treating neurologist. Plaintiff maintains that the administrative law judge failed to even mention Dr. Turkewitz. Plaintiff argues that Dr. Turkewitz, as a specialist, is entitled to deference and that his opinion is consistent with the record as a whole.

Although the administrative law judge did not identify Dr. Turkewitz by name, he referred to the Seizures Residual Functional Capacity Questionnaire that he completed. *See* PageID 98. In referring to the questionnaire completed by Dr. Turkewitz, the administrative law judge noted that the opinion evidence did not conclude that plaintiff was unable to work due to impairments. Dr. Turkewitz opined that plaintiff was capable of performing low stress jobs. PageID 396. Furthermore, Dr. Turkewitz could not identify how many work days per month that plaintiff would miss because of her impairment. PageID 397. As a result, the administrative law judge properly considered the opinions of Dr. Turkewitz and was not required to give his opinion controlling weight.

Plaintiff also seeks remand based on the Seizures Residual Functional Capacity questionnaire completed by Gretchen Horner, CNP on May 16, 2011 and signed by Dr. Rosenberg on August 31, 20011.  *See* PageID 447-51. The Magistrate Judge properly concluded that the evidence is not material because it is unlikely that the administrative law judge would have reached a different disposition if he had been presented with this evidence. Even though Dr. Rosenberg did not begin treating plaintiff until after the administrative law judge issued his decision, CNP Horner completed the questionnaire, not Dr. Rosenberg. CNP Horner began treating plaintiff in June 2010, and plaintiff failed to demonstrate good cause for not presenting this evidence to the administrative law judge.

Page further argues that the Magistrate Judge erred when he concluded that the administrative law judge properly evaluated plaintiff's credibility. Plaintiff contends that the Magistrate Judge misunderstood the significance of the results of objective testing. Individuals may experience seizures despite the fact that there is no clear diagnosis of epilepsy. The administrative law judge ignored Dr. Li's note indicating that plaintiff's seizure disorder was not under control even though her medications were at therapeutic levels. According to plaintiff, this statement does not support a finding that plaintiff was noncompliant with her medication. Rather, despite her compliance, her seizures were not well-controlled. Plaintiff further argues that there is no evidence in the record to support the administrative law judge's conclusion that her staring spells were related to marijuana use. There is also nothing in the record supporting the administrative law judge's theory that severe and chronic abuse of marijuana contributed to plaintiff's seizures.

Although the administrative law judge determined that plaintiff's impairments could reasonably be expected to produce her alleged symptoms, he concluded, after considering the intensity, persistence, and limiting effect of her impairments, Page was capable of medium exertional work. In reaching this conclusion, the administrative law judge properly relied on the record evidence, including objective medical findings and plaintiff's statement about her daily activities. Although plaintiff asserts that she was compliant with her medications, the record does contain instances where her doctors

documented her failure to comply with her treatment. PageID 212, 381. Additionally, plaintiff did test positive for marijuana following a seizure episode. PageID 269.

The administrative law judge also relied on plaintiff's reported activities. Plaintiff reported that she was able to take care of her personal grooming and to perform household chores. Plaintiff also performed yard work and shopped in stores with her husband. Plaintiff could also use public transportation without difficulty. Because the administrative law judge's assessment of plaintiff's credibility was based on consideration and supported by substantial evidence, plaintiff's objection is overruled.

Page argues that the Magistrate Judge also erred when he concluded that plaintiff's depression did not constitute a severe impairment. Several doctors noted that plaintiff exhibited symptoms of depression, including crying spells, feelings of guilt, thoughts of death, mood swings and low energy. The administrative law judge properly considered whether Page's depression and anxiety constituted a severe mental impairment. As the administrative law judge noted, the absence of psychological treatment indicates that Page's depression and anxiety were not severe. Furthermore, Dr. Lewis concluded that plaintiff did not have a severe mental impairment, and Dr. Reece concluded that Page's ability to handle work stress was only mildly impaired. (PageID 336, 315.) As a result, the administrative law judge's decision is supported by substantial evidence.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary

judgment is **DENIED.**  Defendant's motion for summary judgment is **GRANTED.**  The decision of the Commissioner is **AFFIRMED.**  The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant.  This action is hereby **DISMISSED.**

      s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge